**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 18-cv-00238-REB

LUZ CONNIE SANCHEZ,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER AFFIRMING DEPUTY COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed January 30, 2018, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Deputy Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she is disabled as a result of degenerative disc disease of the lumbar spine, knee osteoarthritis, and obesity. After her applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

December 6, 2016. At the time of the hearing, plaintiff was 50 years old. She has a high school education and past relevant work experience as a cashier and a home health aide. She has not engaged in substantial gainful activity since February 1, 2014, her alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits. Although the medical evidence established plaintiff suffered from severe impairments, the judge found the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other impairments were found non-severe. The ALJ determined plaintiff had the residual functional capacity to perform a reduced range of light work with postural limitations. Because this determination did not preclude plaintiff's past relevant work as a cashier, the ALJ found her not disabled at step four of the sequential evaluation. Alternatively, the ALJ found there were other jobs existing in substantial numbers in the national and local economies plaintiff could perform. He therefore also found her not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

2

impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Deputy Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(I)-(v).[2]  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Deputy Commissioner to show the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

---

[2] Throughout this opinion, I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits. Identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Deputy Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff presents a number of arguments on appeal, all focused on the contention that the ALJ erred in determining plaintiff had the residual functional capacity for light work, and more specifically, in discounting various medical opinions suggesting plaintiff could lift no more than ten pounds. Finding no reversible error in that determination, I affirm.

Plaintiff's allegedly disabling complaints are related to pain in her lower back and knee following a fall on February 1, 2014. The medical source statements of record all suggest plaintiff is limited to lifting no more than ten pounds. In September 2014, plaintiff underwent a functional capacity evaluation, which suggested she could lift at the sedentary level. (*See* Tr. 309.) *See* 20 C.F.R. § 404.1567(a) (sedentary work requires lifting no more than ten pounds). That same month, plaintiff's treating physician at the time, Dr. Douglas Bradley, likewise concluded plaintiff could lift no more than ten pounds. (Tr. 629.) Dr. John McBride, who performed an independent medical examination for workers' compensation purposes in April 2015, concurred with that assessment as well. (Tr. 576.) Finally, just prior to the administrative hearing in December 2016, physician assistant Grant Nichols completed a form wherein which he also limited plaintiff to lifting no more than ten pounds. (Tr. 818-820.) Plaintiff points out that if she were found to be capable of no more than sedentary work as of her fiftieth birthday, the Commissioner's Medical–Vocational Guidelines (the "Grids") would direct a

5

finding of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.12.[3]

The ALJ gave the opinions of Drs. Bradley and McBride in this regard "little weight." (Tr. 17.) Plaintiff maintains the reasons given for that decision do not bear scrutiny. Principally, the ALJ found these opinions inconsistent with the medical evidence. Although the ALJ's discussion in this regard could have been more detailed and illuminating, I find any error in that regard ultimately harmless.[4] ***Williams v. Chater***, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."); ***Lumpkin v. Colvin***, 112 F.Supp.3d 1169, 1174 (D. Colo. 2015) ("[W]here [the] ALJ's opinion is otherwise amply supported by the record, error which does not prejudice [the] claimant will not warrant remand.").

I begin my noting that the determination of residual functional capacity is an administration conclusion, not a medical one. 20 C.F.R. § 404.1546; ***Rutledge v. Apfel***, 230 F.3d 1172, 1175 (10th Cir. 2000). The ALJ thus is "not required to adopt or rely on any medical source opinion in making [his] residual functional capacity

---

[3] The Grids are tables that direct a determination of "disabled" or "not disabled" based on intersecting considerations of a claimant's age, work experience, education, and residual functional capacity. ***See Thompson***, 987 F.2d at 1487.

[4] The ALJ also discounted these opinions as inconsistent with plaintiff's activities of daily living, including specifically her custody of her four-year old grandson. (Tr. 17.) Because there was no discussion of plaintiff's daily activities at the hearing, I assume the ALJ based his conclusion on the Personal Pain Questionnaire plaintiff completed when she filed for benefits. The limited activities reported in that document do not justify a conclusion that plaintiff could perform substantial gainful activity. (Tr. 181-183.) ***See*** 20 C.F.R. § 404.1572(c); ***Thompson***, 987 F.2d at 1490; ***Henderson v. Colvin***, 82 F.Supp.3d 1218, 1223 (D. Colo. 2015). Nor is there any support in the record for the ALJ's assumption that caring for a preschooler necessarily entails the ability to lift more than 10 pounds, as that issue was wholly unexplored at the hearing. Moreover, as the Commissioner herself acknowledges, the ability to engage in limited household and other activities of daily living does not correlate to the ability to perform substantial gainful activity on a regular work schedule. ***See*** 20 C.F.R. § 404.1572(c); ***Ryan v. Colvin***, 214 F.Supp.3d 1015, 1021 (D. Colo. 2016)

6

assessment[.]" ***Moses v. Astrue***, 2012 WL 1326672 at *4 (D. Colo April 17, 2012). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of [her] limitations," ***Noble v. Callahan***, 978 F.Supp. 980, 987 (D. Kan. 1997).

    The ALJ noted both Dr. Bradley's and Dr. McBride's opinions were inconsistent with the examination findings, which he characterized as showing no severe loss of range of motion, adequate strength, and no neurological deficits. (Tr. 17.) Lack of support in the medical evidence is a specific, legitimate reason to reject a medical source opinion. ***See Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987). Plaintiff points out that the functional capacity evaluation did demonstrate reduced range of motion (Tr. 307), and certainly there is evidence from the months immediately following plaintiff's initial accident which potentially show disabling symptomology. However, there is also evidence in the record from this same time period, cited by the ALJ (Tr. 16), of a psychological consultation in which the doctor noted "some apparent pain exaggeration" and "wonder[ed] if there is some secondary gain issues with maintaining her pain." (Tr. 272.)

    More importantly, as the ALJ observed, in the time period *after* Drs. Bradley and McBride issued their opinions, plaintiff's subsequent course of treatment showed plaintiff was not as debilitated as she had been in the months immediately after her

accident. (*See* Tr. 17.)[5]  For example, in October 2014, shortly after she established care at the Pueblo Community Health Center, plaintiff reported her back pain was recently worse but previously had been relieved by injection,[6] movement, medication, physical therapy, and stretching.  (Tr. 810.)  Her course of treatment through the summer of 2016 shows that despite continuing lumbar tenderness and reduced range of motion (*see* Tr. 782. 786, 794, 798), plaintiff mainly saw her provider for medication refills.  In March 2015, she reportedly had "[n]o complaints."  (Tr. 797.)  She scheduled and then cancelled surgery, reporting in June 2015 that "her pain is well controlled when she takes the medication."  (Tr. 793.)  The following month, she noted her "current medication is doing well" and "[f]or now, she is content with med [sic] management."  (Tr. 789.)[7]  Although plaintiff's symptoms flared again in August 2016 (*see* Tr. 760), there is no evidence in the record of any medical treatment after that date.

While plaintiff undoubtedly continues to experience some pain and limitation, disability requires more than an ability to work without pain.  ***Brown v. Bowen***, 801 F.2d 361, 362-63 (10th Cir. 1986); ***Manning v. Colvin***, 182 F.Supp.3d 1156, 1163 (D. Colo.

---

[5]  Because there is insufficient evidence to suggest plaintiff's impairments were not adequately controlled with treatment for a continuous period of at least twelve months, I decline her invitation to remand for consideration of whether she might be entitled to a closed period of benefits.  ***See Shepherd v. Apfel***, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999) ("In a closed period case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision."); ***Morrow v. Commissioner of Social Security***, 2018 WL 4658712 at *5 (E.D. Okla. Sept. 12, 2018) ("A closed period of disability should be considered if the evidence suggests  that a claimant's impairments may have been disabling for a period of at least 12 months but a period which started and stopped prior to the ALJ's decision."), ***adopted***, 2018 WL 4655732 (W.D. Okla. Sept. 27, 2018).

[6]  Plaintiff also reported epidural injections had "helped some" at her following appointment in December 2014.  (Tr. 806.)

[7]  By contrast, in March 2016, plaintiff reported increased back pain and was noted to be in visible pain with limited range of motion after she ran out of her medications.  (Tr. 777-778.)

8

2016).  An impairment that can be controlled on medication is not disabling.  ***See Kelley v. Chater***, 62 F.3d 335 (10th Cir. 1995).  The ALJ's opinion that "subsequent evidence shows the claimant is capable of the above reduced light [residual functional capacity]" (Tr. 17) encompasses such a determination.  Any failure to more particularly articulate his reasoning is ultimately harmless.  ***See Musick v. Astrue***, 2013 WL 441064 at *9 (D. Kan. Feb. 5, 2013) ("[A]lthough a reviewing court may not supply a reasoned basis for the agency's action that the agency itself has not given, it may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (quoting ***Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.***, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983)) (internal quotation marks omitted).

Plaintiff further faults the ALJ for failing to address the findings of the functional capacity evaluation or the opinion of the physician assistant as to plaintiff's lifting abilities.  Neither a physical therapist nor a physician assistant is an "acceptable medical source" within the meaning of the Commissioner's regulations.  ***See*** 20 C.F.R. § 404.1527(a)(2); ***Zagorianakos v. Colvin***, 81 F.Supp.3d 1036, 1043 (D. Colo. 2015).  While the opinions of such sources still are entitled to consideration by reference to the same factors that govern analysis of medical source opinions, **Social Security Ruling 06-03p**, 2006 WL 2329939 at *4; ***Frantz v. Astrue***, 509 F.3d 1299, 1301 (10th Cir. 2007), it is not error *per se* to fail to address them, ***cf.*** 20 C.F.R. § 404.1527(c); ***Hamlin v. Barnhart***, 365 F.3d 1208, 1215 (10th Cir. 2004).

More importantly, given the other evidence in the record recounted herein, I

cannot find this error requires reversal. ***Williams***, 1995 WL 490280 at *2; ***Lumpkin***, 112 F.Supp.3d at 1174. The physical therapist's opinion is from the period in 2014 when plaintiff's symptoms seemed to be at their worst. That opinion is plainly subject to the same considerations that led the ALJ to reject Dr. Bradley's and Dr. McBride's opinions – that subsequent evidence shows plaintiff's condition improved and was effectively managed on medication. *See* ***Lately v. Colvin***, 560 Fed. Appx. 751, 754 (10th Cir. March 26, 2014); ***Laske v. Colvin***, 2016 WL 7212474 at *7 (D. Colo. Dec. 13, 2016); ***Marchand v. Colvin***, 2016 WL 1089740 at *7 (D. Colo. March 21, 2016). Similarly, the physician assistant's opinion, although of more recent vintage, in addition to being brief and conclusory, also does not jibe with the evidence on which it purportedly is based. ***Frey***, 816 F.2d at 513; ***McKee v. Colvin***, 2016 WL 1222972 at *3 (D. Colo. Mar. 29, 2016).

### IV. ORDERS

For these reasons, I find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated March 18, 2019, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

10